UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER PRINCISVALLE | CIVIL ACTION NO. <br> 302CV154 (JBA) |
| Plaintiff, | |
| V. | |
| COLLAVINO NORTHEAST <br> CONSTRUCTION, LLC | |
| Defendant. | JULY 15, 2004 |

FILED

## MOTION TO SET ASIDE DEFAULT

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the defendant Collavino Northeast Construction, LLC hereby moves the Court to set aside the default entered against it. On July 13, 2004, the understand counsel spoke with Attorney F. Timothy McNamara, counsel for the plaintiff, who indicated that the plaintiff has no objection to the Court granting this Motion. In further support of this Motion counsel states as follows:

1. This case arises from a construction site accident in Stanford, Connecticut on December 4, 2000.

2. On that date the plaintiff was working as a site supervisor or construction manager for the George Fuller Construction Company.

3. The defendant Collavino Northeast Construction, LLC was a subcontractor on that project.

4. By Requests for Admissions dated October 16 and November 5, 2003, the plaintiff sought various factual admissions from the defendant concerning that project.

5. In addition, the plaintiff sought to depose a representative of the defendant Collavino Northeast Construction, LLC.

6. Defendant timely answered the Requests for Admissions based upon the information available to it at the time.

7. Since the time of this accident, and although technically it maintains a presence within the State of Connecticut, the defendant moved its operations to Windsor, ON Canada.

8. In discussions between counsel, it became apparent that the plaintiff sought admissions from the defendant in preference to a Rule 30 deposition.

9. Through the investigations of appearing defense counsel, Attorney Leslie McPadden, the defendant was able to identify those individuals working in the area of the plaintiff's accident and to determine that they were at the time employed by Collavino Northeast Construction, LLC, although they were not employees of the company before or after this project.

10. The defendant, therefore, can admit that those individuals involved in the plaintiff's accident were employees of Collavino Northeast Construction, LLC. In discussions with the plaintiff's counsel, Attorney McNamara indicated that this obviated the need for a Rule 30 deposition.

11. Unfortunately, Attorney McPadden left the offices of the undersigned without having amended the answers to the Requests for Admissions, which has now been done.

12.     Defendant's counsel, having discussed and agreed to an alternate means of satisfying the plaintiff's need for information, failed to object or respond to the Motion to Compel through oversight, in advertence or mistake, without the issue having been resolved between the parties.

13.     The Court entered a default on June 29, 2004, by Order dated June 23, 2004.

14.     Rule 55(c) of the Federal Rules of Civil Procedure authorizes the Court to set aside a default for good cause shown.

15.     "Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (*per curiam*). "In general, courts favor the resolution of cases on their merits rather than by default." *Clee v. Remillard Bldg., Inc.*, 649 F. Supp. 1127, 1130 (1986).

16.     The defendant's failure to produce a witness for deposition was based upon the discussions among counsel and its desire and ability to meet the plaintiff's need for information via requests for admission. Based upon the representation of plaintiff's counsel, the deposition sought is no longer necessary. Further, the defendant did not willfully seek to avoid the deposition nor frustrate the plaintiff's need for information. That there is no prejudice to the plaintiff is evidenced by counsel's willingness to accede to the granting of this Motion.

17.     There is a meritorious defense to this matter, to wit, that the incident in question is not the result of negligence of the agents, servants or employees of the

defendant, and that any injuries were caused, in whole or in part, by the plaintiff's own negligence.

WHEREFORE, the defendant respectfully moves that the default entered against it be set aside.

> THE DEFENDANT:
> COLLAVINO NORTHEAST
> CONSTRUCTION, LLC
>
> By _____
> Joseph A. La Bella
> D'Attelo & Shields
> 500 Enterprise Drive, Suite 4B
> Rocky Hill, CT 06067
> Telephone: (860) 571-7999
> Fax: (860) 571-7979
> Federal Bar No. ct01403

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via postage prepaid mail this 15th day of July, 2004 to the following counsel and pro se parties of record:

F. Timothy McNamara, Esq.
Timothy McNamara, P.C.
102 Oak Street
Hartford, CT 06106

Joseph A. La Bella