IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT2

```
---------------------------------------------------------x
                                    :
WALTER PRINCISVALLE                 :       3:02 CV 154 (JGM)
                                    :
v.                                  :
                                    :
COLLAVINO NORTHEAST                 :       DATE: OCTOBER 26, 2004
CONSTRUCTION, LLC                   :
---------------------------------------------------------x
```

<u>PRETRIAL ORDER</u>

_____In accordance with the telephonic status conference held on October 25, 2004, it is

hereby ORDERED that:

1.   Trial will commence with jury selection on **March 7, 2005** and the presentation of

evidence will commence the next day.   Counsel estimate that the trial will require

approximately five days.  Accordingly, the Court has set aside **March 7, 2005** through **March**

**16, 2005** for trial.

2.  By **December 13, 2004**, the parties shall file a Joint Pretrial Memorandum which

shall include the following:

(a) <u>Stipulations of Fact</u>:   Any stipulations of fact shall be set forth in the Joint Pretrial

Memorandum.  The stipulations shall be worded in precisely the manner in which they may

be read to the jury.

(b) <u>Witnesses</u>:  Each party shall list the witnesses he or it intends to call at trial.  A

brief summary of the witness's anticipated testimony and the estimated length of such

testimony shall be included. The plaintiff's witnesses and the defendant's witnesses shall be

listed separately.   For any expert witness, each party shall set forth the opinion to be

expressed, a brief summary of the basis of the opinion and a list of the materials on which

the witness intends to rely.  If a party objects to all or any part of the anticipated testimony

of any witness, lay or expert, the objection and its grounds must be filed by no later than **January 5, 2005** so that the objection can be addressed prior to trial. A response to any objection shall be filed by **January 14, 2005**. Except for rebuttal and impeachment, witnesses not listed will not be allowed to testify at trial without good cause shown.

(c) Exhibits: Each party shall list the exhibits he or it intends to offer at trial. The plaintiffs' exhibits and the defendant's exhibits shall be listed separately. A brief description of the exhibit shall be included. The list shall indicate whether the parties agree that the exhibit may be admitted as evidence. If there is an objection to an exhibit, the proponent of the exhibit must set forth the basis for admissibility of the exhibit and the opponent must set forth the basis of the objection. Except for rebuttal and impeachment, exhibits not listed will not be admissible at trial without good cause shown.

**On or before February 18, 2005**, the parties shall premark exhibits using exhibit stickers provided by the courtroom deputy. A separate list of all the exhibits, showing the exhibit number or letter and a brief description of the exhibit shall be provided to the courtroom deputy at that time. Counsel shall retain the original set of exhibits and introduce them during the course of the trial. Two courtesy copies of the exhibit list shall be provided to the Court.

Plaintiff's exhibits shall be marked numerically beginning with the number 1, and defendant's exhibits shall be marked alphabetically beginning with the letter A. Each party shall prepare an original set of exhibits, two duplicate copies for the Court and a duplicate copy for every other party. All duplicate copies shall clearly show the exhibit number.

(d) Depositions, Interrogatories and Prior Testimony: Each party shall list separately any interrogatories or depositions he or it intends to offer at trial for purposes other than impeachment or cross-examination. Appropriate page references for the portion the party

2

proposes to read into evidence must be included.  In addition, any part of a deposition to be introduced under FED. R. CIV. P. 32(a)(4) shall be noted.  If there is an objection to the introduction of the deposition or interrogatory, the party intending to offer the deposition or interrogatory must set forth the basis of its admissibility and the opponent must set forth the basis of the objection.

If any party intends to offer any prior testimony at trial for purposes other than impeachment or cross examination, the party shall produce a copy of the testimony to opposing counsel and briefly summarize the testimony in the Joint Pretrial Memorandum. If there is an objection to the introduction of the testimony, the party intending to offer the testimony must set forth the basis of its admissibility and the opponent must set forth the basis of the objection.

(e) <u>Jury Instructions</u>: The parties shall include in their Joint Pretrial Memorandum agreed-upon jury instructions.  The proposed instructions should encompass all applicable rules of law.  Citations to rules and authority should be provided in footnotes.  If the parties cannot agree on a particular instruction, each party shall set forth his or its own proposed instruction in the joint filing, noting which party has proposed the instruction.  Counsel shall submit to Chambers a courtesy copy of the proposed jury instructions on a disc compatible with WordPerfect 10.0, if possible.

(f) <u>Voir Dire Questions</u>: The parties shall submit their proposed voir dire questions in the Joint Pretrial Memorandum.  If any party objects to any of his or its opponent's proposed voir dire questions, the question, the objection and the basis of the objection should be stated.  The parties shall include with their proposed voir dire questions a brief statement of the case to be read by the Court to the jury panel before voir dire.  Counsel shall submit to Chambers a courtesy copy of the proposed voir dire questions and brief statement on a disc compatible with WordPerfect 10.0, if possible.

(g) <u>Anticipated Evidentiary Problems</u>: **On or before December 13, 2004**, the parties shall file motions *in limine* and supporting memoranda of law concerning any anticipated evidentiary problems.  Responsive memoranda shall be filed by **January 5, 2005**.  Reply briefs may be filed on or before **January 14, 2005**.

(h) <u>Special Verdict Form or Interrogatories</u>:  If any party requests a special verdict form or interrogatories to the jury, the request shall be set forth in the Joint Pretrial Memorandum.  Counsel shall submit to Chambers a courtesy copy of the proposed special verdict form or interrogatories on a disc compatible with WordPerfect 10.0, if possible.

(i) <u>Further Proceedings</u>: Specify, with reasons, the necessity for any further pretrial proceedings.

(j) List the names, addresses and phone numbers of the attorneys who will actually try the case.

3.  A final pretrial conference will be held in **February 2005**.

4.  The dates set forth in this order shall not be changed except by further order of the Court pursuant to a written motion demonstrating good cause filed not later than five days before the date in question.

5.  A courtesy copy of the Joint Pretrial Memorandum shall be submitted to Chambers on the day that it is filed.

SO ORDERED this 26th day of October, 2004, at New Haven, Connecticut.


_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

4