UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WALTER PRINCISVALLE | ) | |
| | ) | |
|     Plaintiff, | ) | CASE NO. 302CV154 (JGM) |
| | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| COLLAVINO NORTHEAST CONSTRUCTION, LLC | ) ) | |
| | ) | |
|     Defendant. | ) | NOVEMBER 23, 2005 |

**PLAINTIFF'S RESPONSE TO<br>DEFENDANT'S STATEMENT RE: ANTICIPATED EVIDENTIARY ISSUES**

    The plaintiff submits the following response to defendant's statement of anticipated evidentiary issues that are likely to arise in the trial of this matter.

1.    *The Tony Cyran Investigation:*

    Mr. Cyran's investigation ended up dealing with the issues that concern this lawsuit. While it is true that it initially involved the company that was the general contractor, it eventually established that the company which is the defendant herein was the company involved with issues set forth in the matter. Both companies are in effect insured by the same entity. While the defendant sets forth a number of objections as to the testimony which the plaintiff wishes to obtain from Mr. Cyran, it on the other hand wishes to use Mr. Cryan's statement as to

1

what Mr. Princisvalle said to him.  As to this, the plaintiff objects because Mr. Cyran admitted that all the statements to which reference is made by him in his report were tape recorded.  He admits that these were placed in the file of his employer concerning this investigation and that the entire file has been lost.  This includes the tapes, photographs and all other types of evidence that may be useful for the plaintiff.

The deposition of the plaintiff has been marked as a proposed exhibit and the Court's attention is called to tr. pages 18-20, in which it is established that the tape of Mr. Princisvalle's statement has been lost.  He also testified that he took pictures involving his investigation and that they were also in the Butler file and it also has been lost.  As a result, the pictures are not available for plaintiff's attorney tr. page 26.  The Court's attention is also called to tr. pages 28-29.  Further, it should be noted that the notes which this witness made were in the file, which was lost by Butler.  Clearly, the foregoing creates a difficult problem for the plaintiff since the jury will hear what the witness' recollection is as to a conversation with Walter, at a time in which he had no attorney.  We, therefore, object to the defendant being able to use this claimed recollection of the plaintiff's testimony.

2. *The Workers' Compensation Claim of Walter Princisvalle*

I turn now to the claim made by the defendant as to the Workers' Compensation lien.  It is undisputed that the Zurich has a lien under the Law of the State of New York for the payments

it made to the plaintiff as a result of an order of the New York Compensation Board.  Thus, it is clear that the amount received by the plaintiff must be disclosed to the Jury and the fact that it must be paid back by him from any award which it receives.  As we know, Connecticut has a collateral source rule which is explained in great detail in *Jones v. Kramer*, 267 Conn. 336(2004), which clearly states that its purpose is to avoid the plaintiff from being paid twice for the same expense.  Since there is no doubt that Zurich has a lien in the full amount of its payment to the plaintiff, even if the court were to decide that the collateral source rule should be applied here, it seems to us that it would follow that it could not deduct under that rule in this case the amount of the payment made to Mr. Princisvalle by the compensation carrier, as it could not in some way vitiate the lien that exists. Thus, the plaintiff ought to be able to inform the jury that from whatever award it makes, the lien amount will have to be paid by the plaintiff.

                THE PLAINTIFF,
                WALTER PRINCISVALLE

                By:_____
                  F. Timothy McNamara, Esq.
                  F. Timothy McNamara, P.C.
                  102 Oak Street
                  Hartford, CT  06106
                  Tel. (860) 249-8458
                  Fax  (860)249-8850
                  Federal Bar No. ct04227

## CERTIFICATION

       This is to certify that a copy of the foregoing was sent via fax and first class mail, postage prepaid on this 23rd day of November, 2005 to:

Joseph A. La Bella, Esq.
D'Attelo & Shields
500 Enterprise Drive
Rocky Hill, CT  06067

                                                                     _____
                                                                     F. Timothy McNamara, Esq.
                                                                     F. Timothy McNamara, P.C.